STATE OF NORTH DAKOTA, EX REL. R. J. PURCELL V. HANS ANDER-
SON, AS AUDITOR OF GRAND FORKS 'COUNTY, NORTH DAKOTA.

Opinion filed October 2, 1908.

### Elections — Nomination by Primary Election.

1. Section 12, chapter 109, page 157, Laws 1907 (it being the Pri-
mary Election Law) reads: "12. Percentage of Votes Required for
'Nomination. If the total vote cast 'for any party candidate or can-
didates for any office for which nominations are herein provided' for
shall equal less than 30 per cent of the total number of votes cast
for secretary of state of the political party, he or they represented
at the last general election, no nomination shall be made in that
party for such office, but if 30 per cent or more of such vote is cast
and there is more than one candidate for any such office, the person
receiving the highest number of votes shall be declared the nominee
of such party for such office; provided, further, that where there
is more than one person to be elected to the same office the persons
to the number to be elected receiving the highest number of votes
cast for such office shall be declared the nominees of the party for
such office." *Held,* that the proviso limits the application of the 30
per cent rule, construed in State ex rel. Montgomery v. Anderson,
118 N. W. 22, 18 N. D. 149, to candidates for nomination to offices
of which there is not more than one of the same  name to be filled
at the succeeding election.

### Same — Vote Required to Nominate.

2. Under such proviso, when more than one office of the same
name, within the same territory or subdivision, is to be filled, candidates
for nomination to the number to be nominated, receiving the highest
number of votes of the party which they represent, are the nominees
of such party.

Appeal from District Court, Grand Forks County; *Templeton,* J.

Mandamus by the state, on relation of R. J. Purcell, commanding
Hans Anderson, as auditor of Grand Forks county, to recognize
relator as the duly nominated Democratic candidate for the office
of county justice of the peace of that county, or show cause, etc.
From an order sustaining a demurrer to the writ issued, relator ap-
peals.

Reversed.

*Jeff. M. Meyers,* for appellant.

*J. B. Wineman,* for respondent.

SPALDING, J. This is an appeal from an order sustaining a de-
murrer to the allegations of an alternative writ of mandamus,

·granted by the district court of Grand Forks county upon the petition of the appellant, commanding the auditor of said county in his official capacity to recognize and treat the relator therein as being a duly nominated Democratic candidate for the office of county justice of the peace of Grand Forks county, or show cause, etc. In an opinion this day filed, in the case of State ex rel. Montgomery v. Anderson, 118 N. W. 22, 18 N. D. 149, as county auditor, we have held that the 30 per cent, provision in section 12, c. 109, p. 157, Laws 1907, known as the "Primary Election Law," is calid. This proceeding is intended to test the meaning and validity of clause 3, being a proviso of sai dsection. The whole section reads as follows: "If the total vote cast for any party candidate or candidates for any office for which nominations are herein provided for shall equal less than 30 per cent. of the total number of votes cast for Secretary of State of the political party, he or they represented at the last general election, no nomination shall be made in that party for such office, but if 30 per cent. or more of such vote is cast and there is more than one candidate for any such office, the person receiving the highest number of votes shall be declared the nominee of such party for such office; provided, further, that where there is more than one person to be elected to the same office, the persons to the number to be elected receiving the highest number of votes cast for such office shall be declared the nominees of the party for such officers." Among the offices to which this proviso is applicable, if valid, are those of representative in Congress, commissioners of railroads, members of the House of Representatives, county constables, and county justices of the peace.

It is unnecessary to enter upon a lengthy discussion of this proviso or its meaning. The latter appears very clear upon the face of the provision and we construe it as meaning that for the offices named, or for any others where more than one office of the same name is to be filled at the same election, the candidates to the required number receiving the highest number of votes cast for such offices shall be the nominees of the party. The reason for this provision is apparent. When we consider the fact that the ballots, after being counted, are deposited in a box which is locked and sealed, and is not accessible to any officer or person, except for purposes and on occasions provided for by statute, none of which has any relation to the question before the court in this matter, it would be often impossible for county auditors or canvassing boards to

apply the 30 per cent. requirement. In instances where four candi-. dates are to be nominated for offices of the same name one voter may vote for one candidate, for two, for three, or for four, and if more than four names appear, he may vote for any combination of such names, and no provision is made for determining how many voters vote for candidates for such offices. This fact furnishes ample reason for such proviso. While the reasons which we have assigned in the opinion in the other case would logically have like force in considering the case at bar, the character of the situation renders it impracticable and often impossible to apply them.

Hence we are of the opinion that the order was erroneous. It is reversed.

MORGAN, C. J., concurs.

FISK, J. (concurring specially). I concur in the result arrived at in the foregoing opinion, but base such concurrence upon the views expressed in my dissenting opinion in State ex rel. Montgomery v. Anderson, 118 N. W. 22, 18 N. D. 149.